CHARLES E. SEARS AND THE BARBER ASPHALT PAVING COMPANY v. ATLANTIC CITY AND THE CLEVELAND TRINIDAD PAVING COMPANY.

Argued May 20, 1905—Decided June 12, 1905.

1. A municipal ordinance directing that a street be paved and the cost assessed upon property benefited is a judicial act, and it is essential to its validity that notice be given and an opportunity for hearing afforded to property owners liable to be affected thereby, although the city charter does not expressly require such notice.
2. A notice of hearing before commissioners to assess benefits after the completion of the improvement does not suffice.

On *certiorari*.

Before Justice SWAYZE.

For the prosecutors, *Clarence L. Cole.*

For Atlantic City, *Harry Wootton.*

For the Cleveland Trinidad Paving Company, *Burrows C. Godfrey.*

The opinion of the court was delivered by

SWAYZE, J. The question involved is the validity of an ordinance of Atlantic City directing that a portion of Atlantic avenue be paved, and that a portion of the cost be assessed upon the real estate specially benefited and a contract made thereunder. The case is brought on for final hearing by the defendants pursuant to the statute. *Pamph. L.* 1903, *p.* 344, § 5. The prosecutors entered a formal objection to the case being heard before a single justice, but did not question that the notice required by the statute had been duly given. I think that I must therefore proceed to determine the matter.

The defendants raise a preliminary objection that the prose-

cutors fail to show any interest in themselves, but the proofs show that Sears owns land which abuts the part of the avenue proposed to be paved. He therefore may be liable to assessment, and clearly has a right to prosecute the writ. It is immaterial whether the other prosecutor has an interest or not.

In the view I take of the case, it is not necessary to consider the objections made to the contract. I think the ordinance itself cannot be sustained, for the reason that it was passed without notice of any kind to the persons whose property will be affected.

It was held by Chief Justice Green, in an early case (*Camden* v. *Mulford,* 2 *Dutcher* 49), that an ordinance for paving a street was a judicial act and that notice was necessary, and this view was approved in *Vanatta* v. *Morristown,* 5 *Vroom* 445; *West Jersey Traction Co.* v. *Board of Public Works of Camden,* 27 *Id.* 431; *Landis* v. *Vineland,* 31 *Id.* 264, and not questioned in *Moore* v. *Haddonfield,* 33 *Id.* 386. I think there can be no question that an ordinance for paving which includes a determination that the costs shall be assessed upon the property benefited is judicial in its character. If so, notice is required upon general principles of justice, although not required by the city charter. *Wilson* v. *Karle,* 13 *Id.* 612.

It is, however, argued by counsel for the city that the notice required to be given by the commissioners of assessment is sufficient. But this notice only enables the landowner to be heard upon the question of the amount of the assessment. He is entitled to be heard upon the proceedings which are liable to result in an assessment. After the improvement is completed, without objection on his part, it may be too late. *Wilkinson* v. *Trenton,* 7 *Vroom* 499; *Bowne* v. *Logan,* 14 *Id.* 421. It is not necessary to multiply the citations.

The practice, I believe, is in accordance with this view. Some, probably most, of the city charters in this state require notice of intention to make public improvements to be given, and a provision for a hearing is usual, as far as I have observed, in the general legislation on the subject.

The ordinance and all proceedings under it must be set aside, with costs.